ELIZABETH HENRY, ADMINISTRATRIX AD PROSEQUENDUM OF WILLIAM W. HENRY, DECEASED, PLAINTIFF-RESPONDENT, v. EHRLICH TRANSFER AND TRUCKING COMPANY, INCORPORATED. A CORPORATION, AND FRANK M. VENTI, DEFENDANTS-APPELLANTS.

Submitted October 29, 1937—Decided January 26, 1938.

494

For the appellants, *Frank G. Turner*.

For the respondent, *Coult, Satz & Tomlinson*.

The opinion of the court was delivered by

LLOYD, J.   This case involves the conduct of a pedestrian and that of the driver of a truck at the intersection of two important highways.

The plaintiff below recovered a judgment for damages resulting from the death of her husband who was struck and killed by a truck owned by the corporation defendant and operated by its driver, the basis of the recovery being the negligence of the latter.

The defendants, appealing, allege numerous errors in the trial of the case, but two of which we find it necessary to consider.   These were instructions to the jury concerning the right of way.

The facts which the jury might find from the evidence were that Henry had alighted from a north-bound trolley car that had stopped at the southerly intersection of Washington avenue and Joralemon street in Belleville, passed in front of the car to his left, and in further attempting to cross the

street was struck by the truck; that there were crossing lights at the intersection and these at the time faced green in favor of the truck and red against Henry; that Washington avenue was sixty feet wide and Joralemon street forty feet wide; that there was a double track for trolley cars on Washington avenue; that there were snow banks piled on either side of both streets; that the right-hand side of the trolley car was therefore impassible in that the necessary clearance did not exist for the truck to pass on that side.

It was in this situation that the court, after stating that there was no dispute in the case about the traffic lights, and that they were set as above described, instructed the jury as follows: "Mr. Henry had a right, however, to cross the street, having in mind how a reasonably prudent person would act in crossing the street when traffic was traveling in a northerly and southerly direction. It is contended by the plaintiff that in exercising that right Mr. Henry had passed in front of a standing trolley car. If that be a fact, he had a right to assume that in so doing no vehicular traffic going in the same direction as the trolley car would pass the trolley car at the left because the law prohibits vehicular traffic from passing a trolley car on the left."

We think in so instructing, the court gave a wrong impression to the jury of the rights of the parties. The controlling sections of the Traffic act of 1928 are article V, paragraph 1, page 728, Article XI, paragraph 3a, page 740, and article XI, paragraph 3b.

The first of these provides that "on highways where traffic at intersections is controlled by a traffic signal or police officers, pedestrians shall not cross a highway against the stop signal."

The second at the time of the accident (since changed, see chapter 103, laws 1936) provided that "the driver of a vehicle shall not overtake or pass upon the left any street car proceeding in the same direction, whether actually in motion or temporarily at rest, when a travelable portion of the highway exists to the right of such street car, even though such portion is occupied by traffic."

The third permitted the passing of a standing street car on the right, provided there be a clearance of eight feet between the street car and the passing vehicle.

As will be noted, the court after stating the pedestrian's rights, charged a portion of the second provision, omitting the words, "when a travelable portion of the highway exists to the right of such street car."

Under these instructions the jury was obliged to assume that upon the one hand Henry had a right to proceed across the highway in the face of the red light, and that on the other the driver of the truck was without right to proceed past the left of the trolley car with the light in his favor.

What Henry did in this case was not in accordance with a right. On the contrary it was in defiance of the statute which forbade his crossing when the danger signal was shown. The statutory right itself must not be confused with the measure of responsibility between users of the highway which attaches when the right is violated.

It has been held many times that the failure to observe the statutory regulations of traffic does not necessarily constitute negligence. See a late illustration in *Rizzolo* v. *Public Service Transport,* 111 *N. J. L.* 107. But this does not affect the *rights* as declared by the legislature. In *Evers* v. *Davis,* 86 *N. J. L.* 196, this court said, "a defendant although he cannot be heard to say that it was not his duty to obey the statute, may show what he did in his effort to obey it, leaving it to the jury to say whether such effort was what a reasonably prudent person would have done in view of the statute." So here—the statute forbade proceeding by Henry against the light even though it might be shown that his action in violation was nevertheless that of a reasonably prudent person.

The conduct of the traveler is measured by such standard. There are many provisions of the laws of the road which seem to be habitually violated. Particularly is this so in the matter of speed. Whether such violation in the individual case constitutes negligence must depend upon the standard created by the conduct of men of ordinary prudence. It will not do, however, to say that one who crosses the highway

against the signal when the statute forbids such crossing is in the exercise of a lawful right, and in so instructing the jury, it was to that extent erroneous.

Erroneous also was the instruction that the truck though having the right in its favor was not at liberty to proceed as it did. Under the evidence the jury might have found that the embankment of snow on the right made it impossible for the truck to pass at the safe distance of eight feet from the street car as required by the statute, in which case the street on that side would not be "travelable" and the right of passage on the left would not be forbidden.

The judgment will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Walker, JJ. 15.